[Cite as *State v. Fowler*, 2022-Ohio-704.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109631 |
| v. | : | |
| ANDRE FOWLER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-642413-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah J. Denney, Assistant Prosecuting Attorney, *for appellee.*

Russell S. Bensing, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Andre Fowler appeals from his non-life indefinite felony sentence imposed under the Reagan Tokes Law. For the following reasons, we affirm Fowler's conviction for burglary.

**{¶ 2}** Fowler pleaded guilty to burglary, a qualifying felony of the second degree, domestic violence, a nonqualifying third-degree felony, and violation of a protection order, a nonqualifying felony of the fifth degree. Evidently, the conduct underlying Fowler's crimes is not relevant to the appeal; neither party has provided a recitation of the relevant facts for our consideration as required. App.R. 16(A)(6). At the time of his plea, the trial court indicated that because Fowler was pleading guilty to a felony of the second degree committed after the effective date of the Reagan Tokes Law, the sentencing provisions under R.C. 2929.144 and 2929.14(A)(2)(a) would apply. Fowler was sentenced to serve a non-life indefinite sentence for a minimum of two years, and a maximum of three years (the maximum term is determined to be 50 percent of the minimum term), with all other sentences, of lesser terms, imposed concurrently. R.C. 2929.144(B)(3).

**{¶ 3}** In this appeal, Fowler presents a single assignment of error in which he broadly claims that his burglary conviction is void because the Reagan Tokes Law violates the Constitutions of the United States and the state of Ohio. According to Fowler, the Reagan Tokes Law in general must be declared unconstitutional because under the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution, (1) the Reagan Tokes Law violates the right to trial by jury, or (2) the Reagan Tokes Law violates the separation-of-powers doctrine. Fowler does not otherwise challenge his remaining convictions. These same arguments were addressed in this court's en banc proceeding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.

**{¶ 4}** As a result, we need not dwell on the arguments presented. Based on the authority established by this district's en banc holding in *Delvallie*, the challenges Fowler advances against the constitutional validity of the Reagan Tokes Law have been overruled. *See id.* at ¶ 17-51. As a result, Fowler's arguments challenging the sentence imposed under the Reagan Tokes Law must also be overruled. Fowler has not challenged any other aspect of the convictions arising in this case.

**{¶ 5}** We affirm.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
MARY EILEEN KILBANE, J., CONCUR


N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.